United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CENIA P.R., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-637 |
| | § | |
| MARKWAYNE MULLIN, *et al.,* | § | |
| *in their official capacities*, | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas" (Dkt. No. 1) ("Petition"). For the following reasons, the Court should deny the Petition.

Petitioner is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. Dkt. No. 1 at 4. Petitioner states that she both entered the U.S. and was arrested by U.S. Border Patrol on or about November 7, 2025. Dkt. No. 1 at 4. An Immigration Judge denied Petitioner bond based on lack of jurisdiction on May 26, 2026. *Id.* Petitioner asserts the following two claims for relief. First, Petitioner argues the application of 8 U.S.C. § 1225(b)(2) to her detention unlawfully mandates her continued detention and violates the INA. Dkt. No. 1 at 9. Second, Petitioner argues her detention without a hearing to determine whether she is a flight risk of danger to others violates her right to due process. *Id.*

Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claims are not viable. Detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

instances where such detention could strain constitutional limits, *see, e.g., id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1 at 9-10.

Additionally, the Supreme Court's cases "establish only that aliens receive constitutional protections when they have come within the territory of the United States *and* developed substantial connections with this country." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (emphasis added). If "an alien [] has effected an entry into the United States," this changes "the legal circumstances" for aliens regardless of "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). If the entry fiction applies to a petitioner, that petitioner is "entitled only to those due process rights as are provided by law," which is to say "by Congress"—by statute. *Id.* at 1442-43. Because the Court finds no purpose to punish Petitioner, Petitioner possesses no extra-statutory due process rights that have been violated here.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1) and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 26, 2026.

Karen Betancourt
United States Magistrate Judge